The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Debbie Sue STRAIGHT, Defendant–Appellee.

No. 93SA221.

Supreme Court of Colorado, En Banc.

May 2, 1994.

Rehearing Denied May 23, 1994.

A. William Ritter, Jr., Dist. Atty., Everett Engstrom, Deputy Dist. Atty., Denver, for plaintiff-appellant.

Cherner and Blackman, Barbara S. Blackman, Denver, for defendant-appellee.

PER CURIAM.

Defendant, Debbie Sue Straight, was charged with contributing to the delinquency of a minor in violation of section 18–6–701, 8B C.R.S. (1993 Supp.), by aiding her minor son in violating section 38–130 of the Denver Revised Municipal Code which prohibits the sale, possession, or manufacture of "assault weapons." Denver, Colo., Rev.Mun.Code art. IV, § 38–130 (1989) (the ordinance).

Defendant moved to dismiss the charge on the grounds that the Denver ordinance is unconstitutional. The trial court granted defendant's motion, observing that the ordinance was held unconstitutional in *Robertson v. City and County of Denver*, No. 90CV603 (District Court, City and County of Denver, February 26, 1993). The trial court adopted the opinion and order of the *Robertson* court and ruled that, as a matter of law, the prosecution of defendant could not go forward.

In *Robertson v. City and County of Denver*, No. 93SA91 (Colo. May 2, 1994), we reversed in part and affirmed in part the trial court's order holding the Denver ordinance unconstitutional and remanded the case for further proceedings. We held that

with the exception of one section, the ordinance was constitutional and enforceable. Because the trial court in this case adopted the trial court's opinion and order in the *Robertson* case, which has been overruled in large part by this court, we reverse the order of dismissal in this case and remand the case for further proceedings not inconsistent with our opinion in *Robertson*.